UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL RODRIGUEZ,

NO.    3:01CV92 (GLG)

       Plaintiff,

   v.

4/30/04

ENVIRO EXPRESS, INC. and
ENVIRONMENTAL WORKERS ASSOCIATION,

       Defendant.

## TRIAL MEMORANDUM

1. **Trial Counsel** - The attorneys who will try the case for Plaintiff Michael Rodriguez ("Rodriguez") are Michael Paes and Fern Paes, of Paes & Paes, LLC, 4 Washington Avenue, Sandy Hook, CT 06482.  The firm phone number is 203-270-6441.  It is my understanding that the attorney who will try the case for Defendant Enviro Express, Inc. ("EEI") is Timothy Butler, of Tibbetts, Keating & Butler, LLC, 43 Corbin Drive, PO Box 5, Darien, CT 06820-0505.  Their phone number is 203-656-1066.   Plaintiff has previously resolved his causes of action against co-defendant Environmental Workers Association (EWA).

Plaintiff has repeatedly contacted counsel for the Defendant in an attempt to arrange a meeting for prepare a joint trial memorandum, but Defendant has refused to meet.  In addition, after the 4/27/04 pre-trial conference, Plaintiff agreed to Defendant's request to email Plaintiff's Memorandum, and did so that same day. Defendant stated it would e mail it's proposed changes within two days.  This has not been done.  As such, Plaintiff has been forced to file this Memorandum alone.

2. **Jurisdiction** - The Court has exercised pendant jurisdiction in this matter, as both federal and state matters are related by common facts. The federal law cause of action, based upon Section

301 of the Labor Management Relations Act, 29 USC 185, has been dismissed by this Court.

3. **Jury/non-Jury Election** - This case is to be tried before a jury.

4. **Nature of Case** - Rodriguez has sued under CGS 31-290a. He alleges that his termination from employment with EEI was discriminatory and retaliatory, in that it was done because he had filed a claim for workers' compensation benefits. Rodriguez also alleges that EEI's actions, in failing to investigate a grievance filed by him subject to a collective bargaining agreement between the parties, were discriminatory and retaliatory, in that it was done because he had filed a claim for workers' compensation benefits.

5. **Stipulations of Fact and Law** - Defendant has refused Plaintiff's repeated requests to meet to discuss this Trial Memorandum. As such, Plaintiff's proposals are based upon its opinion only. Plaintiff would propose that the following of its contentions (paragraph 6 below) are proper to be stipulations of fact in this matter: 6 a - k, m, n. As Defendant has refused to meet regarding this memo, Plaintiff cannot propose stipulations of law.

6. **Plaintiff's Contentions** - Rodriguez's contentions are as follows:

a.    Rodriguez started employment with EEI on or about July 2, 1999, at a wage of $13.50 per
hour, in the position of truck driver (class A).

b.    Rodriguez's employment was pursuant to a Collective Bargaining Agreement
("Agreement") between EEI and Environmental Workers Association ("EWA") (Exhibit
A of complaint).

c.    This Agreement constituted a contract between EEI and EWA, and as such, between EEI
and Rodriguez, as he was a member of EWA.

d.    In order to be employed by EEI for a period of greater than ninety (90) days, Rodriguez

2

was required to be a member of EWA, and to have his dues to EWA withdrawn automatically from his paycheck.

e.   Under the terms of Article XIV of the Agreement, Rodriguez was entitled to file a grievance with regard to disputes with his superior and EEI.

f.   On or about July 10, 2000, while working for EEI, Rodriguez injured his right shoulder in the course of performing his job duties.

g.   As a direct and proximate result of this accident as herein above mentioned, Rodriguez filed a claim for workers compensation benefits on or about 8/2/00, and as a result, was restricted to desk duty by his physician.

h.   On or about July 19, 2000, Bill Malone ("Malone"), Rodriguez's manager, an employee of EEI, ordered Plaintiff to do physical labor beyond these restrictions.

i.   Malone's orders were in violation of the above-referenced restrictions.

j.   When Rodriguez informed Malone that he could not perform these duties due to his physical restrictions, Malone requested from him, and received, additional written notice of these physical limitations.  Said additional notice, in fact, stated that Rodriguez was restricted to "desk duty".

k.   Later that day, Rodriguez was terminated.

l.   Rodriguez was not given a reason for his termination.

m.   On that date, pursuant to the Agreement, Rodriguez contacted John Milton ("Milton"), then President of EWA, and requested that a grievance be filed pursuant to the Agreement.

n.   No grievance was filed by EWA despite his request.

3

o.   On or about August 2, 2000, Rodriguez filed a grievance pursuant to the Agreement through his attorneys with EEI.

p.   EEI did not investigate the grievance, nor process it as required under the collective bargaining agreement.

q.   Plaintiff's termination, and being ordered to work beyond his medical restrictions, was illegal, and based, at least in part, by the fact that he had filed a claim for workers compensation benefits while employed with the Defendant.

7. **Defendant's Contentions** - As Defendant has refused Plaintiff's repeated requests cooperate and file a joint Trial Memorandum, Plaintiff does not know what, if any, contentions Defendant will make.

8. **Legal Issues**:

a.   Was Rodriguez's termination in any way motivated by him filing for worker's compensation benefits due to his 7/10/03 work-related injury?

b.   Did EEI require Rodriguez to do duties in excess of his physician's limitations?

c.   Was this requirement intended to get Rodriguez to quit or to bait him?

d.   Did the 8/2/00 letter from Rodriguez's attorneys (Exhibit F of 3rd amended complaint) constitute a grievance subject to the collective bargaining agreement?

e.   What obligations was EEI subject to pursuant to the collective bargaining agreement with regard to the 8/2/00 letter?

f.   Were EEI's actions/inactions resulting from the 8/2/00 letter motivated in any way by Rodriguez filing for worker's compensation benefits due to his 7/10/03 work-related injury?

4

    g.     Were EEI's actions/inactions intentional?

    h.     Were EEI's actions/inactions sufficiently egregious to warrant punitive damages?

    i.      Should compensatory damages be awarded because plaintiff could no longer carry health insurance after his termination by Defendant, and thereby suffered migraine headaches?

9. **Voir Dire Questions**.

    a.     Do you know Michael Rodriguez, the plaintiff in this matter?

    b.     Are you associated with, or have you ever done business, with Enviro Express, Inc.?

    c.     Are you associated with, or have you ever done business, with Environmental Workers Association?

    d.     Do you know John Milton?

    e.     Do you know William Malone?

    f.     Do you know William Daley?

    g.     Do you know Anthony Capella?

    h.     Are you or were you ever a member of a union or other labor organization?

    i.      Are you or were you ever a party to any collective bargaining agreement?

    j.     Have you ever filed a claim for worker's compensation benefits?

10. **List of Witnesses -** Plaintiff expects to call the following as witnesses at the trial of this matter:

Michael Rodriguez, Willie Daley, John Milton, William Malone

As Defendant has not responded to Plaintiff's requests for a meeting to prepare this trial

memorandum jointly, Plaintiff does not know what witnesses Defendant intends to call at trial,

nor whether he will have to subpoena Defendant's witnesses.

11. **Exhibits**

    a.      Copy of Collective Bargaining Agreement between EEI and EWA, dated 4/1/00;

    b.      Copy of EWA Constitution and Bylaws, undated;

    c.      Copy of Rodriguez's Illness/Injury Status Report, dated 7/10/00;

    d.      Copy of Memo from Dr. Stuart Jacobson, dated 9/8/00;

    e.      Medical report from Dr. James Butler, dated 2/10/00;

    f.      Operative Report of Dr. Dante Brittis, dated 2/9/01;

    g.      Work Capacity memorandum of Dr. Dante Brittis, dated 4/3/01;

    h.      Medical Memorandum of Dr. Dante Brittis, dated 10/23/00;

    i.      Medical Progress notes of Dr. Dante Brittis, dated 2/8/01 and 2/16/01;

    j.      Post-operative notes and Discharge instructions of Dr. Brittis, dated 2/9/01;

    k.      Rodriguez Unemployment Notice (UC-61), dated 7/19/00;

    l.      Letter/grievance from Michael Paes to EEI, dated 8/2/00;

    m.      Letter from Fern Paes to EEI dated 8/2/00 and Workers' Compensation Notice of Claim for Compensation, dated 8/2/00;

    n.      Letter from EEI counsel to Rodriguez's counsel re: 8/2/00 grievance, dated 8/28/00;

    o.      Workers' Compensation Stipulation to Date between EEI and Rodriguez, dated 9/10/01;

    p.      Rodriguez's Workers' Compensation Voluntary Agreement, dated 3/19/02;

6

q.    Defendant's Responses to Interrogatories in this action, dated 4/15/02;

r.    Deposition transcript of William Malone, dated 9/24/02;

s.    Deposition transcript of John Milton, dated 9/24/02;

t.    Deposition transcript of Daley, dated 9/24/02;

u.    Proof of mailing dated 8/2/00;

v.    Deposition transcript of Michael Rodriguez, dated 9/18/02;

w.    Letter from Stuart Altman to Bill Malone and John Fiorello, dated 3/19/98;

x.    Letter of Grievance from David Stocker, dated 12/16/90;

y.    EWA Responses and Objections to Plaintiff's Interrogatories, dated 4/12/02;

z.    Affidavit of Robert Walker, dated 11/20/01;

aa.    EEI COBRA Notification to Rodriguez, dated 7/26/00;

bb.    Plaintiff's evaluation of damages, dated 10/24/02; and

cc.    Rodriguez job search documents, multiple dates.

12. **Deposition testimony** - Plaintiff does not intend to have any witnesses testify at trial by deposition, unless Defendant does not voluntarily provide its employees for trial.

13. **Requests for Jury Instructions** - Plaintiff's proposed jury instructions are attached hereto.

14. **Anticipated Evidentiary Problems** - Plaintiff intends to file a motion *in limine* with regard to the following: Precluding any questions or documents relating to Michael Rodriguez's criminal record, precluding any questions or documents relating to any scars or bullet wounds on Michael Rodriguez's person.

15. **Proposed Findings and Conclusions -** N/A

16. **Trial Time** - Plaintiff anticipates that the trial of this matter shall not exceed two days.

7

17. **Further Proceedings** - None expected by plaintiff other than motions *in limine* as detailed in paragraph 14.

18. **Election for Trial by Magistrate** - Plaintiff consents to a trial by magistrate, and to have any appeal in this matter heard by the District Court.

The Plaintiff, MICHAEL RODRIGUEZ

By:

MICHAEL T. PAES, ESQ. - Fed. Bar # CT19303
Paes & Paes, LLC
4 Washington Avenue
Sandy Hook, CT 06482, 203-270-6441

CERTIFICATION    This is to certify that a copy of this Trial Memorandum has been sent on this date, via first class mail, postage prepaid, to Attorney Timothy Butler Tibbetts, Keating & Butler, LLC, 43 Corbin Drive, PO Box 5, Darien, CT 06820-0505.

MICHAEL PAES

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL RODRIGUEZ,

               Plaintiff,

    v.

ENVIRO EXPRESS, INC. and
ENVIRONMENTAL WORKERS ASSOCIATION,

               Defendant.

NO.    3:01CV92 (GLG)

4/30/04

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

You have now heard all of the evidence in this case. I shall now instruct you concerning the law applicable to the case. After that, you will hear the arguments of counsel and then you will return to the jury room to deliberate in accordance with these instructions.

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court. It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

In deciding the facts, you must not be swayed by bias or prejudice for or against any party. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

You are also not to be swayed by sympathy. You should be guided solely by the evidence

presented during trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach an impartial verdict on the basis of the evidence or lack or evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence.

No one may invade your province or function as jurors. In order for you to determine the facts, you must rely solely upon your own recollection of the evidence. You may review your notes for this purpose, but your notes are for your use only and not to be read or used by others.

## CONDUCT OF COUNSEL

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence.

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and the stipulations.

It is the witnesses' answers that are evidence. At times, a lawyer on cross-examination

2

may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness agreed with it, you may find those facts to be true, but you may not consider it to be true simply because it was in the lawyer's question.

Testimony that has been excluded by the court is also not evidence and may not be considered by you in rendering your verdict.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What they will say to you in their closing statements is intended to help you understand the evidence from their viewpoint in reaching your verdict. However, if you recollection of the facts differs from that lawyers' statements, it is your recollection that controls.

Moreover, what I may have said during the trial or what I may convey in these instructions in not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

The fact that the plaintiff has brought suit against the defendant does not mean that he has suffered the wrong that he claims. Each plaintiff must prove his case, and you may not attach any weight to the mere fact that allegations of wrongdoing have been made. Similarly, the defendant may make allegations, and the mere fact that such allegations are made does not mean that this has taken place.

## WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide

3

how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you decide truthfulness? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor - that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration of lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment and your own life experience.

4

## IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely regarding a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. You may find an apparent inconsistency justified or unjustified. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict. One type is direct evidence. Direct evidence is when a witness testified about something he or she knows by virtue of his or her own senses - something that he or she has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact through proof of other facts. You infer a fact from other facts using your reason and experience and common sense. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## INFERENCE DEFINED

Attorneys use the term "inference" and in their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from established facts, that

5

some other fact exists.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another facts which has been shown to exist.

There are times when different inferences may be drawn from the same facts. The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.

An inference is a deduction or conclusion which you, the jury, are permitted to draw - but not required to draw - from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proved, such reasonable inferences as would be justified in light or your experience. However, no inference may be drawn from the mere fact that the plaintiffs have filed this lawsuit.

## BURDEN OF PROOF

In civil actions, such as this one, each plaintiff bears the burden of proving each essential element of his claims by a preponderance of the evidence. I should point out that the burden of proof differs in civil cases from the burden of proof in criminal cases. In criminal cases, the burden of proof is proof beyond a reasonable doubt. That is not the standard here. In civil cases, the burden of proof is proof by a preponderance of the evidence.

To prove a preponderance of the evidence means to prove that something is more likely

6

true than not true. If one side proves a fact by a preponderance of the evidence, that mean the evidence it has presented has more convicting force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true.

It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's evidence on the other side. If the scales tip ever so slightly in favor of the plaintiff, then his evidence preponderates, and he has sustained his burden of proof. If the scales tip the other way, ever so slightly in favor of the defendant, then, obviously, the plaintiff has not sustained his burden of proof. Should you feel that the scales are evenly balanced, that neither party's evidence outweighs the other, than the plaintiff has failed to meet his burden of proving his case by a preponderance of the evidence, and the defendant prevails.

## PLAINTIFF'S CLAIM

Plaintiff Michael Rodriguez has brought a claim alleging that the defendant Eviro Express, Inc. discriminated against him because he filed a claim for workers' compensation benefits, in violation of Connecticut General Statutes section 31-290a. As I instructed you, section 31-290a makes it unlawful for an employer to discriminate against an employee because he filed a claim for benefits for workers' compensation. Plaintiff claims that he was terminated for this reason, and while working there was ordered by the Defendant to do work contrary to and in excess of his physician's medical restrictions.

Defendant denies that it discriminated against the plaintiff on this basis.

The purpose of this statute is to prohibit an employer from taking adverse employment actions because such person has filed a claim for workers' compensation benefits. To prevail on

7

his claim, plaintiff Michael Rodriguez has the burden of proving by defendant by a preponderance of the evidence that the fact that he filed a claim for workers' compensation benefits was a substantial factor in the defendant's decision to force him to do work in excess of his medical restrictions, or to terminate him or to fail to abide by its contract - that is, that his filing a workers' compensation claim was a factor that made a difference, or was a motivating factor in defendant's actions. This need not be the sole or the principal reason for the employer's decision, as long as it played a motivating role in the employer's decision-making process. In addition, the plaintiff is not required to show that the defendant discriminated against all employees in his situation.

The plaintiff is not required to produce direct evidence that the actions taken by the defendant was based on his filing a claim for workers' compensation benefits. Rather, his claim may be proven through circumstantial evidence. I have already instructed you on the difference between direct evidence and circumstantial evidence, and I remind you that the law makes no distinction between these two kinds of evidence.

In summary, in order to prove discrimination, the plaintiff, Michael Rodriguez, must prove by a preponderance of evidence that it is more likely than not that his filing a claim for workers' compensation benefits was a substantial factor in Enviro Express, Inc., the defendant's, decision to order him to do work beyond his medical restrictions, and to terminate him.

### OTHER FACTORS OF LAW

There are several additional principles of law that apply to Mr. Rodriguez's claims. First, in the absence of an employment contract, and employer may make an employment decision for good reasons, bad reasons, or no reasons, as long as that decision is not based on a prohibited factor, such as the fact that an employee filed for workers' compensation benefits. Simply put, it

8

is not your role to decide whether Enviro Express, Inc. treated Mr. Rodriguez fairly or unfairly. You cannot find for Mr. Rodriguez simply because you feel sorry for him, to reward him for past services to the defendant or because of sympathy. Your sole responsibility is to decide whether Mr. Rodriguez has proved that his filing for workers' compensation benefits was a substantial factor in the defendant's actions.

Next, in assessing the evidence in order to determine whether the defendant's intent or motive was discriminatory, you may consider whether the reasons it offered are believable or whether they are a pretext, or cover-up, for what in truth is discrimination. The plaintiff is not required to show that the defendant's articulated reasons for its decisions are false or played no role if its decision. However, the plaintiff must prove that these were not the only reasons and that him filing for workers' compensation benefits was a substantial factor, as I have defined these terms previously, in the decisions to order Rodriguez to do work in excess of his doctor's restrictions, and to terminate him. Your determination of the defendant's intent is to be made from consideration of all the evidence and the surrounding circumstances. If, on the other hand, you find that plaintiff has not proven that his filing for workers' compensation benefits Was a motivating factor in the defendant's actions, then you must return your verdict for the defendant.

## DAMAGES

If you find for the defendant, you will not consider damages. If, however, you find that the plaintiff proved that him being forced to do labor in excess of his doctor's medical restrictions, and his termination was a basis of discrimination, then you must determine an amount that is fair compensation for plaintiff's damages.

The purpose of money damages is to compensate the victim of wrongful discrimination

9

by putting him or her in the same position he or she would have been if the wrongful discrimination had not occurred. Your award of damages will be calculated as to the present value of salary, including pay raises, bonuses and benefits Mr. Rodriguez would have earned had he not been terminated, from the date of termination until today, less any earnings that he has earned from other employment from the date of the termination until today. The damages that you award must be fair compensation--no more and no less.

If you find that the plaintiff has proven his claim for discrimination, you may also award a type of damages known as compensatory damages, in addition to economic damages. The purpose of compensatory damages is to make the plaintiff whole for non-pecuniary, i.e. non-monetary, losses that he can prove he suffered. The elements which you should consider in determining compensatory damages are the emotional harm done to the plaintiff, including emotional distress, pain, including physical pain, suffering, personal indignity, anxiety, humiliation or anguish which can be proven. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Mr. Rodriguez prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

10

Plaintiff has requested that the jury award punitive damages against defendant. A plaintiff if not entitled to punitive damages as a matter of right. Further, punitive damages are not favored in the law and may be awarded only after caution and thoughtful consideration of all the evidence in the case. Of course, you need not award any punitive damages if you find that such an award is not warranted by the defendant's conduct. If you do determine that punitive damages may be appropriate to consider, however you may award them only within the narrow limits I will now explain.

Punitive damages may be awarded only where a party has acted wilfully, maliciously, with severe and gross disregard for the rights of the complaining party and are for the purpose of causing injury to the plaintiff. They are intended to punish a wrongdoer for some extraordinary or outrageous misconduct and to serve as an example and warning to others. As act is regarded as outrageous if it is so atrocious and so flagrantly evil that one's sense of decency or one's power to suffer or to tolerate the act is violated.

An employer is not liable for punitive damages based on the wrongful acts of its employees, unless the employer authorized or approved the wrongful acts for which the damages are awarded and was aware of their wrongfulness. With respect to a corporate employer, such as the defendant, the authorization or approval must be made by an officer, director or managing agent. A managing agent is a person who has authority to make a decision that will determine corporate policy. Absent these conditions, defendant is not liable for punitive damages.

Punitive damages are an extraordinary sanction, and might not be appropriate even if you find that defendant intentionally discriminated against plaintiff. As I noted, the standard for awarding punitive damages is a high one and they may be awarded only in exceptional

11

circumstances.  Unless you find that the standard for awarding punitive damages, as I have outlined it, has been met by competent proof presented by the plaintiff, you should not award punitive damages.  You should also bear in mind that punitive damages may be allowed only if you first award the plaintiff actual or compensatory damages.

If you determine from the evidence received in the case that the defendant's conduct justifies an award of punitive damages, you may award an amount of punitive damages that all jurors agree is proper.  In fixing the amount, you should consider the following questions: How offensive was the conduct?  What amount is needed, considering the defendant's financial condition, to prevent repetition?  Does the award have a reasonable relationship to the actual damages awarded?

If you do award punitive damages, you should fix the amount using calm discretion and sound reason.  You must not be influenced by sympathy or dislike of any party in the case.

Plaintiff has requested an award for his attorneys' fees in this lawsuit.  You may award attorneys' fees to the plaintiff if he prevails on his claim for workers' compensation discrimination.

### NOTE TAKING

I have now concluded the instructions relating to the specific claims in this case.  In closing, I must add a few more general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids - do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.  Your notes are not

12

evidence and should not be shared.

## CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors. It is your duty to consult with one another an to deliberate with a view toward reaching an agreement if you can do so consistently with the individually judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your deliberations, do not hesitate to re-examine your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous. However, you should not surrender you honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisan, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations, you are not to leave you jury room without first notifying the marshal, who will escort you. No deliberation may take place without all jurors being present.

A verdict form has been prepared for your use. You will take this verdict form to the jury room and answer the questions asked. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the marshal that you have reached a verdict.

13

You will have exhibits with you in the jury room. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request. Your requests for testimony and. in fact, any communication with the court should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that in your communications with the court you should never specify your numerical division at any time.

It is proper to add a final caution. Nothing that I have said in these instructions - and nothing that I have said or done during the trial - has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility. Thank you.

Respectfully submitted,

The Plaintiff, MICHAEL RODRIGUEZ

By:

MICHAEL T. PAES, ESQ. - Fed. Bar # CT19303
Paes & Paes, LLC
4 Washington Avenue
Sandy Hook, CT 06482
203-270-6441

14