UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------x

MICHAEL RODRIGUEZ,

        PLAINTIFF

v.                                                                    3:01CV92 (GLG)

ENVIRO EXPRESS, INC.

        DEFENDANT

-----------------------------------------------------------x

FILED
MAY 3  12 57 PM '04
U.S. DISTRICT COURT
NEW HAVEN CT

## DEFENDANT'S TRIAL MEMORANDUM

1. <u>Trial Counsel</u>    <u>Plaintiff</u>    Michael Paes, Esq.
    Fern Paes, Esq.

    Paes & Paes, LLC
    4 Washington Avenue
    Sandy Hook, CT 06482
    203-270-6441

    <u>Defendant</u>    Timothy F. Butler, Esq.,
    Joseph B. Williams, Esq.

    Tibbetts, Keating & Butler, LLC
    43 Corbin Drive
    P.O. Box 5
    Darien, CT 06820
    203-656-1066

The defendant, Enviro Express, Inc., submits this Defendant's Trial Memorandum, as correspondence with counsel for the Plaintiff, Michael Paes, Esq., has indicated that the plaintiff has filed a separate and unilateral trial memorandum.

2. <u>Jurisdiction</u>

Federal jurisdiction in this case was originally claimed pursuant to 28 U.S.C. §1331. Upon amendment of the complaint supplemental jurisdiction pursuant to 28 U.S.C. §1367 was also claimed. All federal claims which allegedly confer jurisdiction under 28 U.S.C. §1331 have been dismissed, as have all other federal claims. Supplemental jurisdiction over the sole remaining state law count, claiming violation of Conn. Gen. Stat. §31-290a, has been retained by the Court.

3. <u>Jury/Non-jury</u>

Both parties have requested a trial by jury.

4. <u>Nature of Case</u>

The Plaintiff claims that he was discharged, or discriminated against, by the Defendant because he had filed a claim for worker's compensation benefits. Such a discharge or discrimination would allegedly be a violation of Conn. Gen. Stat. §31-290a. The Defendant contends that Plaintiff was discharged for cause after threatening his supervisor.

5. <u>Stipulations of Fact and Law</u>

   A. Plaintiff, Michael Rodriguez was employed by Defendant, Enviro Express Inc.

   B. On July 10, 2000, Rodriguez reported that he had injured his right shoulder. As per company policy he was sent to the Industrial Medical Center at Bridgeport Hospital. He returned to the Defendant with a note stating that he was to limit the use of his right arm.

   C. On July 19, 2000, William A. Malone, President of the Defendant, requested that Rodriguez paint a wall using his left hand and arm. On this date Rodriguez

       obtained an additional doctor's note stating that "[h]e is to restrict use of his right arm, and not do repetitive overhead reaching."

    D.    Upon his return to the Defendant's premises, on July 19, 2000, Rodriguez confronted William A. Malone in his office and threatened him. Rodriguez was thereafter discharged for cause by the Defendant.

    E.    Rodriguez on or about August 2, 2000 filed for workers compensation benefits pursuant to Chapter 568 of the Conn. Gen. Stats.

    F.    Conn. Gen. Stat. §31-290a is the applicable state statute upon which this action is predicated.

6.    <u>Plaintiff's Contentions</u>

The Court is respectfully referred to the Plaintiff's trial memorandum for the contentions of the Plaintiff.

7.    <u>Defendant's Contentions</u>

    A.    Plaintiff was discharged for cause. Specifically, the plaintiff threatened the President of the Defendant, William A. Malone.

    B.    Plaintiff did not file for worker's compensation until approximately two weeks after his discharge.

8.    <u>Legal Issues</u>

    A.    Whether the Plaintiff can make out a prima facie case of discharge in retaliation, or of discrimination, for filing a worker's compensation claim as he did not apply for workers compensation until after he was discharged.

      B      Does the legitimate nondiscriminatory reason for the Plaintiff's discharge rebut any prima facie case of discharge in retaliation for filing a worker's compensation claim, or of discrimination, that the Plaintiff may make out?

9. <u>Voir Dire</u>

    A.    Do you know Michael Rodriguez, the plaintiff in this matter?

    B.    Are you associated with, or have you ever done business with Enviro Express, Inc.?

    C.    Have you ever heard, seen or read the name Michael Rodriguez or Enviro Express, Inc.? If so where, when and in what context?

    D.    Have you seen, heard or read any media coverage of this case?

    E.    Do you know any of the potential witnesses?

        i.    Willie Daley

        ii.    John Milton

        iii.    William Malone

    F.    Have you ever been discharged from a job?

    G.    Have you ever filed a claim for worker's compensation benefits?

    H.    Have you ever filed a lawsuit against your employer?

    I.    Have you ever been on the defendant's premises on Wordin Avenue in the City of Bridgeport?

    J.    Are you currently employed outside the home? If so are you covered by a collective bargaining agreement with your employer or a personnel manual issued by your employer?

10. <u>List of Witnesses</u>

A.  Plaintiff

The Court is respectfully referred to the Plaintiff's trial memorandum for the witnesses to be called by the Plaintiff.

B.  Defendant

    a.  <u>William Malone</u>    It is anticipated that he will testify that the Plaintiff threatened him on July 19, 2000 and was immediately terminated; there was no retaliation for filing a worker's compensation claim; and Plaintiff's work history with the Defendant.

    b.  <u>Willie Daley</u>    It is anticipated that he will testify as to what he was told by Mr. Malone was the reason for Plaintiff's termination; his conversations with the Plaintiff; Plaintiff's work history with the Defendant.

    c.  <u>John Milton</u>    It is anticipated that he will testify as to his conversations with Malone, Dailey and the Plaintiff.

    d.  <u>Michael Rodriguez</u>    Work history with the Defendant; events of July 19, 2000; filing of a workers compensation claim on August 2, 2000.

    e.  <u>Anthony Cappella</u>    It is anticipated that he will testify as to what he was told by Mr. Malone, and others, what the reason for Rodriguez' discharge; his conversations with the Plaintiff; Plaintiff's work history with the Defendant.

11. <u>Exhibits</u>

    **A.  Defendant**

    i.  Copy of Illness/Injury Status Report, 7/10/00

    ii. Letter from Fern Paes, Esq. to EEI, 8/2/00 and Worker's Compensation Notice of Claim for Compensation, 8/2/00.

  iii. Doctor's note, 7/19/00.

  iv. Employee Disciplinary Report, 8/13/99.

  v. Employee Disciplinary Report, 4/4/00.

  vi. Any other relevant portion of the personnel file of the defendant.

  vii. Relevant policies and procedures of the defendant.

**B. Plaintiff**

The Court is respectfully referred to the Plaintiff's trial memorandum for the exhibits to be introduced by the Plaintiff.

12. Deposition Testimony

The Defendant does not expect to have any witnesses testify by deposition at trial.

13. Requests for Jury Instructions

The Defendant's request for jury instructions is forthcoming.

14. Anticipated Evidentiary Problems

Objections as to the relevance of various of the Plaintiff's intended exhibits.

15. Proposed Findings and Conclusions

Not applicable.

16. Trial Time

The Defendant anticipates that the trial will take two to three days.

17. Further Proceedings

None.

18. Election for Trial by Magistrate

The Defendant does not elect to have the case tried by a Magistrate.

THE DEFENDANT
ENVIRO EXPRESS, INC.

By_____
     Joseph B. Williams, CT 02487
     Timothy F. Butler, CT 15537
Tibbetts Keating & Butler, LLC
43 Corbin Drive, Post Office Box 5
Darien, CT 06820-0505
203-656-1066

Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was mailed, postage prepaid this 3rd day of May, 2004 to the following:

Michael Paes, Esq.
Attorney for Michael Rodriguez
Paes & Paes
4 Washington Avenue
Sandy Hook, CT 06482

_____
Joseph B. Williams

THE DEFENDANT
ENVIRO EXPRESS, INC.

By_____
     Joseph B. Williams, CT 02487
     Timothy F. Butler, CT 15537
Tibbetts Keating & Butler, LLC
43 Corbin Drive, Post Office Box 5
Darien, CT 06820-0505
203-656-1066

Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was mailed, postage prepaid this 3rd day of May, 2004 to the following:

Michael Paes, Esq.
Attorney for Michael Rodriguez
Paes & Paes
4 Washington Avenue
Sandy Hook, CT 06482

_____
Joseph B. Williams